## CONTRACT OF EXEMPTION FROM LIABILITY.

Court of Appeals for Hamilton County.

THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. MARY KINNEY.*

Decided, December 6, 1915.

*Employee of the Pullman Car Company—Injured by Being Thrown from a Car—Benefit of a Contract of Exemption from Liability for Injuries Held by the Pullman Company—Can Not be Claimed by the Railway Company.*

A contract between the Pullman Company and an employee, relieving the company from liability in the event of injury to the employee

---

*Affirmed by the Supreme Court, 95 Ohio State, p. —.

during the course of such employment, can not be pleaded by a railway company in an action for injuries received by such employee while said railway company was handling one of the Pullman cars.

*Mortimer Matthews* and *Mitchell Wilby*, for plaintiff in error. *John W. Sadlier* and *Thos. L. Michie*, contra.

JONES (E. H.), P. J.

The contract entered into by Mary Kinney and the Pullman Company whereby she assumed all risks is against public policy.

Section 9013, General Code, provides:

"No railroad company, insurance society or association, or other person shall demand, accept or enter into an agreement or stipulation with a person about to enter, or in the employ of a railroad company whereby he stipulates or agrees to surrender or waive any right to damages against a railroad company, thereafter arising for personal injury or death, or whereby he agrees to surrender or waive in case he asserts such right, any other right."

And in *Railroad Company* v. *Spangler*, 44 O. S., 471, it was decided:

"The liability of railroad companies for injuries caused to their servants by the carelessness of other employees who are placed in authority and control over them, is founded upon considerations of public policy, and it is not competent for a railroad company to stipulate with its employees at the time, and as a part of their contract of employment, that such liability shall not attach to it."

True, Mary Kinney did not make her contract with a railroad company, but in this case the railroad company, by answer, seeks to avoid the consequences of its negligence by intrenching itself behind this contract. The General Assembly and the Supreme Court of our state have declared that to permit such immunity to a railroad company is against public policy, *supra;* and we can not see any distinction between permitting the protection by virtue of a contract to which the railroad company is directly a party, and permitting same under favor of a contract assigned to it by the Pullman Company.

The nature of the business conducted by the latter company, and its relation to the railroad are set forth in the defense demurred to. The Pullman cars, whether on a "run" or in the yards, are drawn by the same locomotives, over the same tracks and in the same manner as other railroad coaches are drawn. The movements of both are governed and directed by the same crew, and their occupants, attendants and employees exposed to the same risks and hazards.

Hence, if the contract set out in the fourth defense of the answer, when made by a railroad company is against public policy and void, for like reason it must be contrary to public policy to permit the Pullman Company to make or rely upon said contract.

The contract being void, the assignee acquired nothing by the assignment, and the demurrer was properly sustained.

Judgment affirmed.

Jones (Oliver B.), J., and Gorman, J., concur.